UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARI J. HALL-GOULD,

                Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,[1]

                Defendant.

CASE NO. C12-5148 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATIONS

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 23), and Plaintiff Mari J. Hall-Gould's ("Hall-Gould") objections to the R&R (Dkt. 24). The Court has considered the R&R, Hall-Gould's objections and Defendant Michael J. Astrue's ("Astrue") response to the objections, and the remaining record, and hereby adopts the R&R for the reasons stated herein.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

ORDER - 1

# I. PROCEDURAL AND FACTUAL HISTORY

On January 29, 2013, Judge Strombom issued an R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision to deny Hall-Gould social security benefits. Dkt. 23. On February 12, 2013, Hall-Gould filed objections to the R&R. Dkt. 24. She objects that (1) the ALJ properly failed to evaluate the medical evidence, including the opinions of Daniel Neims, Psy.D. ("Dr. Neims") and her medical records from Behavior Health Resources ("BHR") and Eastside Women's Health ("EWH"); (3) the ALJ incorrectly found the testimony of Hall-Gould and her mother, Barbara Rae Gould ("Barbara Rae"), not credible; (4) the ALJ's step 4 and 5 determinations are not based on a proper assessment of medical evidence and her Residual Functional Capacity ("RFC"). *See* Dkt. 24. Hall-Gould asks that this Court decline to adopt the R&R and the case be remanded for payment of Social Security and SSI disability benefits. *Id*. at 12. In the alternative, Hall-Gould requests the matter be remanded for further proceedings, including a new hearing and decision consistent with the law. *Id*.

On February 25, 2013, the Defendant filed a response to Hall-Gould's objections. Dkt. 26. He concedes none of the arguments in Hall-Gould's brief, rests on his opening brief (Dkt. 21), and asks the Court to affirm Judge Stombom's recommendation. *Id*. at 2.

# II. DISCUSSION

**A. Standard of Review**

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**B.     Objections to the R&R**

In significant part, Hall-Gould maintains that "an erroneous belief that [she] left work [at Panorama City] in July, 2009, to follow her boyfriend to Oregon has colored the adjudication of this claim at every level." Dkt. 24 at 3. At the hearing level, she maintains that the ALJ seized on this apparent discrepancy in why she left work in 2009 and relied upon it to discredit her testimony, that of her mother's, as well as Dr. Neim's 2009 and 2010 reports. *Id.* For reasons discussed below, Judge Strombom found that the erroneous information regarding why Hall-Gould left her job in 2009 ultimately had no impact on her decision to recommend affirming the ALJ's determination to deny benefits. Hall-Gould argues that her conclusion was in error.

**1.     Dr. Neim's Opinions**

Judge Strombom recommends upholding the ALJ's rejection of Dr. Neim's opinions. Dkt. 23 at 6-9. Judge Strombom found, contrary to Hall-Gould's assertions, that the ALJ did not reject Dr. Neim's opinions based on a misunderstanding of the evidence regarding why Hall-Gould left her job in 2009, when she filed for benefits. *Id.* at 6. A review the ALJ's decision reveals that Judge Strombom was correct, the ALJ did not rely on misperception of the facts in rejecting Dr. Neim's opinion. *See* Dkt. 11-2 at 29 (AR 29).

Furthermore, in relevant part, Judge Strombom also found that the ALJ's reasons for rejecting Dr. Neim's opinions were proper; that the overall record supports the ALJ's

1  determination, specifically his 2009 opinion, which was largely unremarkable and thus

2  failed to support the severity of his conclusions, as well as his 2010 opinion where the

3  mental status examination results were fairly normal overall, and the mental health clinic

4  records showed stability in Hall-Gould's mental health condition and significant

5  improvement of her symptoms over time. Dkt. 23 at 8.  Finally, Judge Strombom found

6  that the "much less severe mental health functional limitation" found in the reports of

7  state experts in social security disability, "Drs. Lewis and Eather[,] are not inconsistent

8  with the above objective medical evidence, [and] the ALJ also did not err in relying on

9  the opinion of those two psychologists in this case, as [their opinions] constitute[]

10 substantial evidence." *Id*. at 9.

11       The Court agrees with Judge Strombom's thorough review of the record and well-

12 reasoned analysis and concludes that, based on a review of the record as a whole,

13 substantial evidence exists to support the ALJ's decision to reject the opinions of Dr.

14 Neims. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (non-examining

15 physician's opinion may constitute substantial evidence if "it is consistent with other

16 independent evidence in the record").  Therefore, the Court adopts the R&R on this basis.

17        **2.     Credibility Assessments of Hall-Gould and Barbara Rea**

18       Hall-Gould's objections to Strombom's recommendations affirming the ALJ's

19 credibility determinations are based on her objection to the ALJ's allegedly improper

20 evaluation of medical evidence.  Dkt. 24 at 10.  Additionally, she argues that her daily

21 activities are consistent with her testimony and are not transferable to work skills.  *Id*.

22

1  Further, she maintains none of the ALJ's reasons for rejecting her testimony are specific,
2  clear, and convincing. *Id.* For those reasons, the Court should find them legally
3  erroneous and not supported by substantial evidence. *Id.*
4      As the Court determined above, the ALJ did not err in evaluating the medical
5  evidence. *See supra.* Therefore, what follows is a review of the ALJ's determinations
6  regarding the credibility of Hall-Gould and Barbara Rae.
7           **a.     Hall-Gould**
8      Judge Strombom found the ALJ properly discounted Hall-Gould's credibility in
9  relevant part on the basis that the objective medical evidence in the record "reflect[s] far
10 less disabling limitations" than she alleged. Dkt. 23 at 10. The Court agrees with Judge
11 Strombom. *See Regennitter v. Commissioner of SSA*, 166 F.3d 1294, 1297 (9th Cir.
12 1998) (determination that claimant's subjective complaints are "inconsistent with clinical
13 observations" can satisfy clear and convincing requirement).
14     Judge Strombom also found the ALJ properly discredited Hall-Gould's credibility
15 on the basiss that she did not seek mental health treatment until late in 2009, even though
16 she alleged disability at the beginning of July 2009. Dkt. 23 at 10 (*citing* AR 24-25).
17 The Court agrees this was proper. *See Fair v. Bowen,* 885 F.2d 596, 603 (9th Cir. 1998)
18 (failure to assert a good reason for not seeking treatment or for following a prescribed
19 treatment "can cast doubt on the sincerity of the claimant's pain testimony").
20     Judge Strombom further found that the ALJ properly discounted Hall-Gould's
21 credibility on other bases as well. Dkt. 23 at 11-13. The ALJ found her daily activities,
22 such as performing household chores, running errands by herself, going to church

1  regularly and frequently with her family and friends, were inconsistent with her

2  statements that she has panic attacks almost every time she goes out and that she cannot

3  be in a room with more than five people.   These activities undermined Hall-Gould's

4  credibility to the extent they "belie the extent of her alleged symptoms and limitations."

5  *Id.* at 11-12 (*citing* AR 25-26).

6        The Court agrees with Judge Strombom's assessment.  *Orn v. Astrue*, 495 F.3d

7  625, 639 (9th Cir. 2007) (recognizing two grounds for using daily activities to form

8  adverse credibility determinations: finding activities that meet the threshold requirement

9  for transferable work skills and those that contradict his or her other testimony).

10 Therefore, the Court adopts the R&R on this basis.

11       Additionally, the ALJ found Hall-Gould not to be entirely credible because her

12 contention that she was severely impaired conflicted with the information in the record

13 that showed improvement in her condition, including, but not limited to, notes from her

14 BHR therapist that she was making "extraordinary progress"; she reported she was doing

15 well; she was taking her medications as prescribed; she denied any increase in triggers,

16 anxiety or depression; she stated she wanted to attend counseling only one time per

17 month; and she missed several counseling sessions and was ultimately terminated from

18 counseling in October 2010. Dkt. 23 at 11 (citing AR 25). The Court adopts the R&R on

19 this basis.

20       Like Judge Strombom, the Court finds that the ALJ's credibility assessment was

21 proper. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (upholding ALJ's

22 decision discounting claimant's credibility in part due to lack of consistent treatment, and

1  noting that fact that claimant's pain was not sufficiently severe to motivate her to seek
2  treatment, even if she had sought some treatment, was powerful evidence regarding
3  extent to which she was in pain); *Morgan v. Social Security Commissioner*, 169 F.3d, 595
4  599 (9th Cir. 1999) (ALJ may discount claimant's credibility on basis of medical
5  improvement); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).  The Court adopts the
6  R&R on this basis.

7       Finally, as Hall-Gould observes, the ALJ relied on mistaken information about
8  why she left her job in 2009 to question her credibility (AR at 25-26). However, as Judge
9  Strombom found, although "it can be said that the ALJ erred in discounting the plaintiff's
10 credibility on the basis of … her reasons for leaving her past work," the ALJ provided
11 other independent valid basis for discounting Hall-Gould's credibility.  The Court agrees
12 with Judge Strombom's conclusion based on the ALJ's independent reasons discussed
13 above.  *See Bray v. Commissioner of Social Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir.
14 2009) (while ALJ relied on improper reason for discounting claimant's credibility, he
15 presented other valid, independent bases for doing so, each with "ample support in the
16 record").  The Court adopts the R&R on this basis.

17       **b.     Barbara Rae**

18       Judge Strombom found that the ALJ did not err in discounting Hall-Gould's
19 mother's testimony.  Dkt. 23 at 13-14. Hall-Gould objects that Barbara Rae's testimony
20 was improperly discredited because it was similar to her testimony, which itself was
21 improperly discredited. Dkt. 24 at 11.  Further, like Hall-Gould's testimony, she argues
22

her mother's testimony was tainted by the ALJ's improper evaluation of medical evidence. *Id*.

Because the Court has found that the ALJ neither improperly evaluated the medical evidence nor improperly discredited Hall-Gould's credibility, it concludes that the ALJ did not improperly discounting Barbara Rae's testimony, as, in relevant part, it is substantially similar to Hall-Gould's. *Valentine v. Commissioner of Social Security Administration*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ gave germane reasons for discounting testimony of claimant's spouse where husband's complaints were subjective and the same as lay witness wife's testimony). The Court adopts the R&R on this basis.

**3. Step Four**

Judge Strombom determined that the ALJ did not err in evaluating the evidence regarding Hall-Gould's RFC or in making the step four decision. Dkt. 23 at 16-17. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184*2. The ALJ found that Hall-Gould had the residual functional capacity:

> **. . . to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can understand and carry out both simple and complex tasks for a minimum of two hours but should not work with the public.**

AR 22-23 (emphasis in original). Thus, the ALJ concluded at step four that Hall-Gould was capable of performing her past relevant work as a housekeeper, as that position did not require performing work-related tasks precluded by her RFC assessment. *See* AR 29.

1  Judge Strombom found that both the ALJ's RFC assessment and step four conclusion
2  were not in error.
3       Hall-Gould objects to the ALJ step four findings and conclusion on the basis that
4  the ALJ improperly rejected the medical opinions of Dr. Neims, the testimony of Hall-
5  Gould and her mother (Dkt. 24 at 10-11), and he assessed her RFC without a vocational
6  expert. Dkt. 24 at 10-11.  As the Court found earlier, the ALJ did not err in his
7  assessment of Dr. Neim's opinions, nor his assessment of Hall-Gould and her mother's
8  credibility. *See supra.* Further, as Judge Strombom noted (Dkt. 23 at 17), it is within the
9  ALJ's discretion to determine whether a vocational expert is needed to assess the RFC.
10 *See* 20 C.F.R. § 404.1560(b)(2), § 416.960(b)(2)).  The Court adopts the R&R on this
11 basis.
12      **4.    Step Five**
13      Hall-Gould objects to the ALJ's determination at step five on the same basis she
14 challenges the ALJ's decision at step four.  Dkt. 24 at 11-12.  Therefore, for the reasons
15 set forth above, the Court finds that the ALJ did not err at step five and adopts Judge
16 Strombom's well-reasoned R&R on this basis.
17
18
19
20
21
22

ORDER - 9

## IV.   ORDER

Therefore, the Court does hereby find and order as follows:

(1)   The R&R is **ADOPTED**;

(2)   The ALJ's decision to deny benefits is **AFFIMRED**; and

(3)   This action is **DISMISSED**.

Dated this 21st day of March, 2013.

_____
BENJAMIN H. SETTLE
United States District Judge